IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01402-NJR |
| ) | |
| SGT. KRAMER, ROBERT DEWALL, ) | |
| EVAN BAILEY, ROBERT ROSS, ) | |
| COLLEEN MOORE, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. The claims at issue in this action were originally brought by Plaintiff and eight other detainees at the Alton City Jail ("Jail"). *Collier v. Kramer*, Case No. 15-cv-674-SMY (S.D. Ill.). On July 10, 2015, the Court entered an order (Doc. 3 in this action) in which each of the original Plaintiffs was given an opportunity to withdraw from the suit or pursue his claims individually. The July 10 order also informed each Plaintiff of his obligation to keep the Clerk of Court and each opposing party informed of any changes in his address within seven days of any such change (Doc. 3, p. 7). Plaintiff chose to pursue his claims in group litigation.

Nevertheless, in an Order dated December 22, 2015, the Court concluded that joinder of the parties and their claims was not appropriate. (Doc. 1 in this action) (citing FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001)). Each Plaintiff was therefore required to pursue his claims in a separate action. (*Id*.). Further, because the original complaint failed to state any claim upon which relief could be granted, the Court ordered

each Plaintiff to file a "First Amended Complaint" in his newly-opened case no later than January 25, 2016. (Doc. 1, p. 15). The Court warned each plaintiff that his case would be dismissed with prejudice and a "strike," if he "fail[ed] to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in th[e] Order." (*Id.*) (citing FED. R. CIV. P. 41(b); *Ladien Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

Plaintiff Sammy Holliday was granted leave to file his First Amended Complaint under this case number. The amended pleading was due on or before January 25, 2016. The deadline has passed. Plaintiff has not filed his First Amended Complaint. He has not requested an extension of the deadline for doing so. Further, mail sent to Plaintiff at the address he provided has been returned as undeliverable. (Doc. 7).

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Further, because the original Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave

to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 23, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**